IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| LYLE DEAN MILLER and | § | Case No. 04-80905-hdh-7 |
| CHERYL ANN MILLER, | § | |
| | § | |
| Debtors, | § | |
| _____ | | |
| | § | |
| DON L. OWEN, INC., | § | |
| | § | |
| Appellant, | § | Civil Action No. 3:05-CV-1270-L |
| | § | |
| v. | § | |
| | § | Consolidated with: |
| LYLE DEAN MILLER and | § | |
| CHERYL ANN MILLER, | § | |
| | § | |
| Appellees. | § | Civil Action No. 3:05-CV-1302-L |

## MEMORANDUM OPINION AND ORDER

Before the court are the appeals from two final orders issued April 7, 2005 by the United States Bankruptcy Court for the Northern District of Texas, Dallas Division; an Order on Motion to Extend Time for Filing Complaint, and an Order Dismissing Complaint. Both appeals have been consolidated under this single case, *Don L. Owen, Inc. v. Miller*, Civil Action No. 3:05-CV-1270-L. After careful consideration of the briefs, the record on appeal, and the applicable law, the court **affirms** the Order on Motion to Extend Time for Filing Complaint; and **affirms** the Order Dismissing Complaint.

**I.    Background**

In this bankruptcy appeal, the court reviews two final orders: an order denying a motion to extend time to file a complaint objecting to the dischargability of a certain debt, and an order

**Memorandum Opinion and Order - Page 1**

dismissing the complaint. The court must decide two issues: (1) whether the deadline for filing a dischargeability complaint set forth in Bankruptcy Rule 4007(c) is subject to the doctrine of equitable tolling; and (2) whether the bankruptcy court correctly determined, assuming, *arguendo*, that the doctrine were applicable to Rule 4007(c), that the facts presented did not warrant equitable tolling. For the reasons stated below, the court determines that the bankruptcy court correctly concluded that the Rule 4007(c) deadline is not subject to equitable tolling, and that even if equitable tolling were available, it should not be applied given the facts presented.

Lyle Dean Miller and Cheryl Ann Miller ("Appellees" or "Debtors") filed a Chapter 7 voluntary petition on October 4, 2004, creating Case No. 04-80905 hdh-7. The Debtors listed Don L. Owen, Inc. ("Appellant" or "Owen") as a creditor holding a disputed unsecured nonpriority claim in the amount of $410,000. On October 8, 2004, the bankruptcy clerk's office mailed a "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, and Deadlines" (the "original notice") to Owen and others listed in the Debtors' creditor matrix. The original notice set the first meeting of creditors pursuant to 11 U.S.C. § 341 (the "section 341 meeting") for November 1, 2004. It also set January 1, 2005 as the deadline to file a dischargeability complaint.[1] It is undisputed that Owen received the original notice on October 12, 2004, and that Owen's counsel acknowledged the dates in the notice,

---

[1]The "Discharge of Debts" portion of the notice's "Explanations" section stated:

> The debtor is seeking a discharge of most debts, which may include your debt. A discharge means that you may never try to collect the debt from the debtor. If you believe . . . that a debt owed to you is not dischargeable under Bankruptcy Code § 523(a)(2), (4), (6), or (15), you must start a lawsuit by filing a complaint in the bankruptcy clerk's office by the "Deadline to File a Complaint . . . to Determine Dischargeability of Certain Debts" listed on the front side. The bankruptcy clerk's office must receive the complaint and the required fee by that Deadline.

R. 1302 Vol. 3 at 158. In this consolidated appeal, the court refers to the record on appeal in Case No. 3:05-CV-1270 as "R. 1270," and the record on appeal in Case No. 3:05-CV-1302 as "R. 1302."

**Memorandum Opinion and Order - Page 2**

including November 1, 2004 as the date set for the meeting of the creditors, and January 1, 2005 as the deadline for filing a dischargeability complaint.[2]

On October 12, 2004, the bankruptcy clerk's office mistakenly docketed a second section 341 meeting notice in the Debtors' Chapter 7 case, which, in actuality, was a notice for an unrelated Chapter 13 case. From October 12, 2004, until at least November 11, 2004, the bankruptcy court's electronic docketing system ("PACER") indicated that the date of the section 341 meeting had been changed to November 18, 2004.

Owen's counsel reviewed PACER on November 11, 2004, which showed that the November 1, 2004 hearing date had been "terminated"; that the section 341 meeting was set for "11/18/2004 at 08:30 AM"; and that the complaint filing deadline remained "01/01/2005." R. 1270 Vol. 2 at 49. Counsel then contacted the bankruptcy clerk's office, and an office employee provided conflicting information about whether the section 341 meeting took place on November 1, 2004, or was yet to occur. Owen maintains that it believed, from examining PACER and speaking with the employee, that November 18, 2004 was the first correct setting for the section 341 meeting.

The section 341 meeting occurred on November 1, 2004, as scheduled in the original notice. On November 12, 2004, the Chapter 7 Trustee filed a "Chapter 7 § 341 Proceeding Memorandum" with the bankruptcy court. This document, PACER entry No. 7 in Case No. 04-80905, shows that the section 341 meeting took place on November 1, 2004; that the Debtors appeared; that no creditors appeared; and that the meeting was continued to December 15, 2004. R. 1302 Vol. 3 at 160.

---

[2]Bankruptcy Rule 9006(a) provides that the last day of a computed period "shall be included, unless it is a Saturday, a Sunday, or a legal holiday . . . in which event the period runs until the next day which is not one of the aforementioned days." Because the January 1, 2005 deadline fell on a Saturday, and a legal holiday, the period for bringing the dischargeability action extended by operation of law to January 3, 2005. *See* Bankruptcy Rule 9006(a).

**Memorandum Opinion and Order - Page 3**

On November 17, 2004, Owen's counsel again checked PACER and noticed that the section 341 meeting set for November 18, 2004 had been reset to December 15, 2004. Owen's counsel appeared for the December 15, 2004 meeting, and was informed by the Trustee that the meeting was not going forward. Although PACER showed inconsistencies concerning the date the section 341 meeting was to take place, it listed January 1, 2005, at all times, as the complaint filing deadline. Owen does not contend that it received information from PACER, or the bankruptcy clerk's office, changing or resetting the January 1, 2005 deadline.

On January 5, 2005, Owen filed its Complaint Under 11 U.S.C. § 523(a)(4) and (6) ("dischargeability complaint"), creating Adversary Proceeding No. 05-3009-hdh. In its dischargeability complaint, Owen contended that it had suffered over $410,000 in damages caused by fraudulent or malicious representations made by the Debtors, and that this debt should be excepted from discharge. Also on January 5, 2005, Owen filed in the Chapter 7 case its Motion to Extend Time for Filing Complaint Under 11 U.S.C. § 523(a)(4) and (6) ("motion to extend time"). In the motion, Owen conceded that it received notice "that the first meeting of creditors in this case was to occur on November 1, 2004." R. 1302 Vol. 2 at 54. It stated, however, that "in light of various clerical and scheduling issues," it "is understandably confused about when, if at all, its deadline to file [a dischargeability complaint] has begun to run." *Id*. at 54, 56. It is undisputed that (1) the original notice set the meeting of creditors for November 1, 2004; and (2) Owen untimely filed its dischargeability complaint and its motion to extend time. Likewise, it is clear from the record that both documents were filed more than 60 days after November 1, 2004, which, in addition to being the date listed in the original notice, was also when the meeting of creditors actually occurred.

**Memorandum Opinion and Order - Page 4**

The Debtors filed their response to the motion to extend time, as well as their Motion to Dismiss the dischargeability complaint, on January 22, 2005. They contended that because Owen failed to file its dischargeability complaint before the noticed or adjusted deadline, and likewise failed to file timely a motion to extend time, the dischargeability complaint was untimely, and their debt therefore was dischargeable. On February 8, 2005, Owen filed its response to the Debtors' motion to dismiss, contending: (1) Rule 4007(c) is not jurisdictional; (2) the doctrine of equitable tolling applies to Rule 4007(c); and (3) such doctrine excuses it from the Rule 4007(c) deadline to file its otherwise untimely dischargeability complaint.[3]

On April 7, 2005, the bankruptcy court denied Owen's motion to extend time and granted the Debtors' motion to dismiss, thereby dismissing Owen's adversary proceeding. It determined that the deadline for filing a dischargeability complaint contained in Rule 4007(c) is not jurisdictional. In addition, it determined that Rule 4007(c) is not subject to the doctrine of equitable tolling, but that even if equitable tolling could be raised, it would not excuse Owen's untimely complaint, given the facts presented. The bankruptcy court denied Owen's motion for reconsideration on May 4, 2005.

On May 9, 2005, Owen timely filed a Notice of Appeal in the Chapter 7 case for the bankruptcy court's order denying motion to extend time, and a Notice of Appeal in the adversary proceeding for its order dismissing dischargeability complaint. It filed amended notices of appeal on May 10, 2005. On October 31, 2005, this court consolidated the appeals under *Don L. Owen, Inc. v. Miller*, Civil Action No. 3:05-CV-1270-L.

---

[3]On February 28, 2005, Owen supplemented its motion to extend time, requesting the court to incorporate the arguments it made in response to the motion to dismiss, including those concerning equitable tolling, into its motion to extend time. The supplement marked the first time Owen argued equitable tolling as part of its motion for extension of time.

**Memorandum Opinion and Order - Page 5**

Owen contends that the bankruptcy court made an incorrect legal conclusion by determining that the Rule 4007(c) deadline for filing a dischargeability complaint is not subject to the doctrine of equitable tolling. It also contends that the bankruptcy court committed "clear error" by concluding that even if the doctrine of equitable tolling were available, it would not apply in the present case. Owen thus requests the court to vacate the bankruptcy court's orders, and to cure, via equitable tolling, its untimely dischargeability complaint and motion to extend time. The Appellees counter, contending that the bankruptcy court's conclusion that equitable tolling does not apply to Rule 4007(c) was legally correct, and that the bankruptcy court did not "abuse its discretion" by finding, were equitable tolling available, that the facts presented did not warrant its application.

## II.   Standard of Review

In a bankruptcy appeal, district courts review bankruptcy court rulings and decisions under the same standards employed by federal courts of appeal; "conclusions of law are reviewed *de novo*, findings of fact are reviewed for clear error, and mixed questions of fact and law are reviewed *de novo*." *In re National Gypsum Co.*, 208 F.3d 498, 504 (5th Cir. 2000), *cert. denied*, 531 U.S. 871 (2000); *In re Bass*, 171 F.3d 1016, 1021 (5th Cir. 1999) ("Mixed questions of fact and law, and questions concerning the application of law to the facts, are reviewed *de novo*."). A bankruptcy court's "findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous." Fed. R. Bankr. P. 8013. A finding is clearly erroneous and reversible only if, based on the entire evidence, the reviewing court is left "with the definite and firm conviction that a mistake has been made." *Id.*; *In re Allison*, 960 F.2d 481, 483 (5th Cir. 1992).

**III.    Issues and Contentions of the Parties**

The issues on appeal pertain to Bankruptcy Rule 4007(c), which governs the time limitation for filing a dischargeability complaint:

> A complaint to determine the dischargeability of a debt under [11 U.S.C.] § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under [11 U.S.C.] § 341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in [Bankruptcy] Rule 2002. On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.

Bankruptcy Rule 4007(c). Bankruptcy Rule 9006(b)(3) states that the bankruptcy court "may enlarge the time for taking action under [Rule 4007(c)] only to the extent and under the conditions stated in [that Rule]"; that is, only as allowed by Rule 4007(c).[4] It is undisputed that Owen filed its dischargeability complaint outside the time limit prescribed by Rule 4007(c).

Owen contends that the bankruptcy court should have equitably tolled the Rule 4007(c) deadline, since it received incorrect docketing information from PACER, as well as inconsistent information from an employee in the bankruptcy clerk's office. Appellees contend that the bankruptcy court correctly dismissed Owen's dischargeability complaint by holding that Rule 4007(c) is not subject to equitable tolling. They contend that, even if equitable tolling applied to Rule 4007(c), Owen's deadline should not be tolled because its counsel received actual notice that November 1, 2004 was the "first date set"; received actual notice that January 1, 2005 was the dischargeability complaint deadline; and neither PACER nor the bankruptcy clerk's office provided information changing or amending the January 1, 2005 deadline.

---

[4]The court is aware that Bankruptcy Rules 4007(c) and 9006(b)(3) were amended, effective October 17, 2005. The amendments are irrelevant to the issues on appeal, and all relevant facts occurred before the amendments took effect.

**Memorandum Opinion and Order - Page 7**

**IV.    Analysis**

  **A.    Although not Disputed by the Parties, the Bankruptcy Court's Decision that Rule 4007(c) is not Jurisdictional is Supported in Law.**

The court determines, as an initial matter, although not challenged by the parties, that the bankruptcy court correctly concluded Rule 4007(c) is not jurisdictional in nature.[5] In *Kontrick v. Ryan*, 540 U.S. 443, 447 (2004), the Court held that the deadline contained in Bankruptcy Rule 4004(a) for filing a complaint objecting to a debtor's discharge (as opposed to objecting to the dischargeability of specific debts), is not jurisdictional in nature. By holding that the Rule 4004(a) filing deadline was not jurisdictional, the Court held that the untimeliness of a complaint objecting to discharge does not alone divest the bankruptcy court's authority to adjudicate it. *See Kontrick*, 540 U.S. at 447.[6] The Court reasoned that "essentially the same time prescriptions apply" under Bankruptcy Rules 4004(a) and 4007(c). *Id*. at 448 n.3. In the proceedings below, the bankruptcy court, citing *Kontrick* and using the same analysis as did the Supreme Court, concluded that the 60-day deadline contained in Rule 4007(c) is not jurisdictional. This court sees no reason why the *Kontrick* analysis, which applied to Rule 4004(a), should not also apply to Rule 4007(c). Accordingly, having conducted a *de novo* review, the court determines that the bankruptcy court's conclusion was correct. *Cf. Kontrick*, 549 U.S. at 447, 448 n.3.

  **B.    The Bankruptcy Court Correctly Determined that the Bankruptcy Rule 4007(c) Filing Deadline is not Subject to Equitable Tolling.**

---

[5] Irrespective of the parties' position regarding jurisdiction, a court always has a duty to examine whether it has the authority to adjudicate a matter before it. *See Ruhrgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).

[6] In *Kontrick*, the Court held that a debtor forfeits the right to rely upon the Rule 4004(a) filing deadline as a ground to bar an untimely complaint if the debtor fails to raise the Rule's time limitation before the bankruptcy court reaches the merits of the complaint. *Kontrick*, 540 U.S. at 447.

**Memorandum Opinion and Order - Page 8**

Owen contends that the bankruptcy court concluded incorrectly that the doctrine of equitable tolling is not available to extend the Rule 4007(c) deadline, or to excuse an untimely filed dischargeability complaint. While Owen is correct that the Court in *Kontrick* reserved ruling on whether Rules 4004(a) and 4007(c) allow equitable exceptions, including equitable tolling, to excuse otherwise untimely complaints, *see Kontrick*, 540 U.S. at 457, the court cannot agree that equitable tolling of the Rule 4007(c) filing deadline is a permissible extension of *Kontrick*.

Owen contends that the bankruptcy court "rel[ied] heavily" on *Taylor v. Freeland & Kronz*, 503 U.S. 638, 644 (1992), and *In re Dunlap*, 217 F.3d 311, 316 (5th Cir. 2000) - both pre-*Kontrick* cases - while "seeming to discount the import" of *In re Rychalsky*, 318 B.R. 61, 64 (Bankr. D. Del. 2004), and *In re Otte*, 2004 WL 2187175, at *3 (Bankr. D. Kan. 2004) - both post-*Kontrick* cases. The bankruptcy court reached a correct legal conclusion based upon relevant mandatory authority. *Taylor* should not be disregarded simply because the decision is nearly 14 years old. In *Taylor*, the Court held that Bankruptcy Rule 4003(b) affords no basis for objecting to exemptions after the 30-day deadline, even to alleged bad-faith exemptions, reasoning, "Deadlines may lead to unwelcome results, but they prompt parties to act and they produce finality." *Taylor*, 503 U.S. at 644.

In *Dunlap*, the Fifth Circuit addressed the applicability of the Rule 4007(c) filing deadline where the bankruptcy court prematurely dismissed a proceeding but later reinstated it, and concluded that resetting anew the meeting of creditors and the complaint filing deadline was preferable to applying a tolling rule. *See Dunlap*, 217 F.3d at 317. The court held that "there is no provision for a tolling regime found in the relevant portions of the Bankruptcy Code or Rules," and that "a tolling

**Memorandum Opinion and Order - Page 9**

rule fails to comport with the purpose of Rule 4007(c), namely, to established a fixed, relatively short limitation period . . . ." *Id.* at 316 (internal quotation omitted).[7]

The court has examined *Rychalsky* and *Otte*, and believes that both decisions overlook that Bankruptcy Rule 4007(c) is a claim-processing rule, as opposed to a statutory filing deadline.[8] Congress authorized bankruptcy courts to adjudicate objections to a discharge or the dischargeability of certain debts, s*ee* 28 U.S.C. §§ 157(b)(1), (2)(I), (J), but did not specify a time limit for filing a discharge or dischargeability complaint; instead, "claim-processing rules" prescribe the controlling deadlines. *Cf. Kontrick*, 540 U.S. at 453-54. In *Kontrick*, the Court held that although claim-processing rules 4004(a), 9006(b)(3), and, by analogy, 4007(c) impose strict time limitations that may be "unalterable upon a party's application," each rule "can nonetheless be forfeited if the party asserting the rule waits too long to raise the point." *Id.* at 456. Accordingly, *Kontrick* never proposed that these claim-processing rules were subject to any of the equitable exceptions applicable to statutory filing deadlines; it merely instructed that a debtor forfeits the right to rely on a claim-

---

[7]Owen contends that *Dunlap* is unreliable because it is premised upon *In re Ichinose*, 946 F.2d 1169 (5th Cir. 1991), and *Neeley v. Murchison*, 815 F.2d 345 (5th Cir. 1987) - two cases it contends hold that the Rule 4007(c) deadline is jurisdictional, and therefore conflict with *Kontrick*. This is a strained reading of both cases. While the court in *Ichinose* stated that "any exceptions to discharge must be filed within a strictly enforced time limit," *see Ichinose*, 946 F.2d at 1172-73, it did not go so far as to state that the Rule 4007(c) filing deadline was jurisdictional. The court in *Murchison* stated that there are some cases where technical compliance with Rule 4007(c) "would be inconsistent with the scheme of [11 U.S.C.] § 523 . . . ." *Murchison*, 815 F.2d at 347. Moreover, neither case states that the filing deadline is jurisdictional.

[8]*Rychalsky* and *Otte* cite *United States v. Locke*, 471 U.S. 84, 94 n.10 (1985), for the proposition that "[s]tatutory filing deadlines are generally subject to the defenses of waiver, estoppel, and equitable tolling." *See also Young v. United States*, 535 U.S. 43, 49-50 (2002). Apparently, the court in *Rychalsky,* and to some extent in *Otte*, believed that *Kontrick* allowed waiver, and therefore would also permit equitable tolling and estoppel. In *Kontrick*, the Court addressed forfeiture. "Forfeiture" and "waiver" have distinct and separate meanings. Whereas "forfeiture" is the "failure to make the timely assertion of a right," "waiver" is the "intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993) (citations and quotation omitted); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996).

**Memorandum Opinion and Order - Page 10**

processing rule, and therefore the time limitations it imposes, if the debtor fails to invoke timely that rule. *Cf. Kontrick*, 540 U.S. at 456.

The time restriction imposed by Rules 4007(c) and 9006(b)(3) is sufficiently "emphatic" to preclude equitable tolling. *Cf. Kontrick*, 540 U.S. at 458. A plain reading of Rule 4007(c) clarifies that a dischargeability complaint must be filed no later than 60 days after the first date set for the meeting of creditors. Equally clear, a motion to extend the dischargeability complaint deadline must be filed before the deadline expires. *Id*. "If a complaint is not timely filed, the debt is discharged." Rule 4007 advisory committee notes. Rule 9006(b)(3) reinforces the restrictive regime set forth in Rule 4007(c) by permitting the bankruptcy court to enlarge "the time for taking action" under Rule 4007(c) "*only to the extent and under the conditions stated in* [*that Rule*]," that is, only as allowed by Rule 4007(c). *See* Bankruptcy Rule 9006(b)(3) (emphasis added); *Kontrick*, 540 U.S. at 448 (addressing Rule 4004(a)); *Dunlap*, 217 F.3d at 315.

Rules 4007(c) and 9006(b)(3) do not indicate, or even imply, that a bankruptcy court may apply the doctrine of equitable tolling to extend the dischargeability complaint deadline or excuse an untimely complaint. If anything, the restrictive tone of both Rules, coupled with the absence equitable language in either, suggests the opposite. Prohibiting equitable tolling of the Rule 4007(c) deadline would (1) clarify to creditors the deadline for filing dischargeability complaints; (2) remind the bankruptcy court of its discretional limits for granting motions to extend complaint filing deadlines; and (3) afford a debtor redress to a complaint filed outside the deadline, assuming the debtor does not forfeit its right to enforce the rule. *Cf. Kontrick*, 540 U.S. at 456.

Finally, Owen contends that a bankruptcy court may use its equitable powers afforded by 11 U.S.C. § 105(a) to toll the Rule 4007(c) filing deadline. Section 105(a) provides that the bankruptcy

**Memorandum Opinion and Order - Page 11**

court may take any action necessary to, among other things, enforce court rules or prevent an abuse of process. 11 U.S.C. § 105(a). It does not, however, "constitute a roving commission to do equity." *In re Sadkin*, 36 F.3d 473, 478 (5th Cir. 1994). Owen has not explained how a possible application of equitable tolling through section 105(a) would square with Rule 9006(b)(3), and therefore has failed to show that a bankruptcy court, by applying equitable tolling, would be enforcing Rule 4007(c) instead of violating it.

The court determines that the bankruptcy court's conclusion that the doctrine of equitable tolling cannot be applied to extend the Rule 4007(c) deadline for filing a dischargeability complaint, or excuse an untimely filed complaint, was correct. Accordingly, the bankruptcy court's decision should be affirmed.

  **C.**  **The Bankruptcy Court Correctly Determined That, Even if the Bankruptcy Rule 4007(c) Filing Deadline Were Subject to Equitable Tolling, the Facts Presented Would not Warrant its Application.**

Alternatively, assuming, *arguendo*, that the Rule 4007(c) filing deadline were subject to the doctrine of equitable tolling, Owen has not convinced this court that equitable tolling by the bankruptcy court would have been warranted. Having conducted a *de novo* review[9] of the conclusions of law by the bankruptcy court, the court determines that Owen has failed to show that the bankruptcy court should have equitably tolled the January 1, 2005 deadline or the January 3, 2005 adjusted deadline, or excused its untimely filing, which occurred on January 5, 2005.

---

[9]A court's decision to disallow equitable tolling is reviewed for an abuse of discretion. *Teemac v. Henderson*, 298 F.3d 452, 456 (5th Cir. 2002). Where a court declines to apply equitable tolling because it interprets a statute or regulation to prohibit tolling, appellate courts review *de novo*. *Teemac*, 298 F.3d at 456; *FDIC v. Dawson*, 4 F.3d 1303, 1308 (5th Cir. 1993), *cert. denied*, 512 U.S. 1205 (1994). The bankruptcy court determined that equitable tolling did not apply to Rule 4007(c) as a matter of law, and then decided that, assuming equitable tolling applied to Rule 4007(c), tolling should be withheld as a matter of discretion under the facts presented. Because resolution of the instant issue involves a "mixed question of law and fact," and specifically, a question "concerning the application of law to the facts," the court has conducted a *de novo* review. *See Dawson*, 298 F.3d at 1308; *see also In re U.S. Brass Corp.*, 301 F.3d 296, 307 n.38 (5th Cir. 2002); *In re Bass*, 171 F.3d 1016, 1021 (5th Cir. 1999).

Equitable tolling applies only in "rare and exceptional circumstances," and the party who invokes equitable tolling bears the burden of demonstrating a factual basis for its application. *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002). Courts must examine each case on its facts to determine whether sufficiently "rare and exceptional circumstances" exist. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000). Requests for equitable tolling are granted most frequently where the plaintiff "is actively misled by the defendant about some cause of action or is prevented in some extraordinary way from asserting his rights." *Teemac*, 298 F.3d at 457 (quoting *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000); *see also* Ramirez *v. City of San Antonio*, 312 F.3d 178, 183 (5th Cir. 2002). For example, courts look for whether the untimely filing resulted "from external factors beyond [a party's] control; delays of [the party's] own making do not qualify." *In re Wilson*, ___ F.3d ___, No. 04-41724, 2006 WL 574273, at *2 (5th Cir. Mar. 10, 2006) (citing *Felder*, 204 F.3d at 174).[10]

Owen contends that the bankruptcy court should have applied equitable tolling because its counsel reasonably relied upon information obtained from PACER and a bankruptcy clerk's office employee that was inconsistent or incorrect. Owen does not contend that the Debtors actively misled it concerning the filing of its dischargeability complaint; nor does it contend that the complaint was timely filed in the incorrect forum. Accordingly, to establish equitable tolling, Owen must show that it was "prevented in some extraordinary way from asserting its rights." *Ramirez*, 312 F.3d at 183. The court determines that the bankruptcy court justifiably concluded that no rare

---

[10]The bankruptcy court, citing *In re Rychalsky*, 318 B.R. at 64, stated that the application of equitable tolling is appropriate where: (1) a defendant has actively misled a plaintiff; (2) a plaintiff has been prevented, in some extraordinary way or circumstance, from asserting his rights; or (3) a plaintiff has asserted his rights in a timely manner, but in the wrong forum. Although this standard states the essence of that for equitable tolling, the court reviews the issue using Fifth Circuit case law.

**Memorandum Opinion and Order - Page 13**

or extraordinary circumstance prevented Owen from timely filing its dischargeability complaint or its motion to extend time.

Owen acknowledges that it received actual notice of the January 1, 2005 deadline through the original notice, but argues that the deadline was "patently unreliable" given the information obtained by its counsel. Appellant's Br. at 30. The court disagrees. Nothing in the record suggests that the January 1, 2005 deadline changed or was reset. In fact, PACER transaction receipts indicate that, although though the section 341 meeting was reset twice, the complaint filing deadline remained January 1, 2005. R. 270 Vol. 2 at 49-50. If Owen disputed this deadline, it should have filed a motion to extend time before the deadline expired. *See* Bankruptcy Rule 4007(c). Owen did not file such motion, and the record is devoid of any circumstance explaining its failure to do so.

Moreover, the court agrees with the bankruptcy court that November 1, 2004 was the "first date set" for the section 341 meeting. Owen claims that its counsel reasonably believed, based upon the information it obtained from PACER and the bankruptcy clerk's office employee, that dates after November 1, 2004 became the "first date set" for the meeting of creditors. This belief, even if true, is unreasonable. The law is clear that the Rule 4007(c) filing deadline is 60 days after the "first date set" for the meeting of creditors, regardless of when the meeting actually takes place. Bankruptcy Rule 4007(c); *Dunlap*, 217 F.3d at 314. Though the date of the meeting of creditors may change or be reset, this does not reschedule, erase, or create anew the "first date set." *See Dunlap*, 217 F.3d at 314; Bankruptcy Rule 4007(c) advisory committee notes.

Although the date that the meeting of creditors actually takes place is irrelevant to the court's inquiry, in this case, it is worth noting that the November 1, 2004 "first date set" was also the date the meeting actually occurred. The court agrees with the bankruptcy court that Owen could have

resolved all possible confusion by reading the Trustee's report, PACER entry No. 7 in Case No. 04-80905, which showed that the meeting of creditors took place on November 1, 2004. R. 1302 Vol. 3 at 160.

Despite any inconsistent information Owen may have obtained after receiving actual notice, it had more than ample opportunity - some 80 days - to protect its rights. *See Murchison*, 815 F.2d at 347. Owen argues that it was justified in disregarding the originally noticed deadlines because its counsel recalculated the filing deadline based upon information it received from PACER and the employee. Implicit in its argument is that the bankruptcy court repudiated the January 1, 2005 deadline, even though Owen never informed it of the recalculation, never filed a motion to extend the filing deadline before it expired, and never otherwise checked to see if the January 1, 2005 deadline remained valid.

No rare or exceptional circumstances prevented Owen from timely filing its dischargeability complaint or its motion to extend time. Accordingly, having conducted a *de novo* review, this court determines that the bankruptcy court correctly concluded that, were the Rule 4007(c) deadline subject to equitable tolling, the facts presented did not warrant its application.

## V. Conclusion

For the reasons stated herein, the court concludes that the bankruptcy court's determination that the deadline for filing a dischargeability complaint set forth in Bankrupcy Rule 4007(c) is not subject to the doctrine of equitable tolling was correct. The court also concludes that the bankruptcy court correctly determined that, were equitable tolling applicable to Rule 4007(c), the facts presented did not warrant its application. Accordingly, the court **affirms** the Order Dismissing Complaint in Adversary No. 05-3009-hdh; **affirms** the Order on Motion to Extend Time for Filing Complaint in

Case No. 04-80905-hdh-7; and **dismisses** Owens's appeal.  The clerk is hereby directed to prepare, sign, and enter the judgment pursuant to Bankruptcy Rule 8016.  All reasonable and allowable costs of appeal are to be taxed against Appellant Don L. Owen, Inc.

**It is so ordered** this 28th day of March, 2006.

／s／ Sam A. Lindsay
Sam A. Lindsay
United States District Judge